IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                              Case No. 3:07CR333

               Plaintiff

     v.                                                   ORDER

Michael D. Baker,

               Defendant

This is a 28 U.S.C. § 2255 case in which the defendant, convicted of participating in a drug conspiracy, claims ineffective assistance of appellate counsel. He claims that his appellate attorney provided constitutionally deficient representation when he failed to challenge: 1) the propriety of his career offender status (which, he claims, involved consideration of offenses that were part of the charged conspiracy); and 2) the denial of a two-level reduction in his base offense level for acceptance of responsibility.

For the reasons that follow, I find the petition without merit.

**Background**

The government initially charged the petitioner with participating in a drug conspiracy with fifteen other defendants "[b]eginning in or about 1987, and continuing through the date of this

Indictment, the exact dates being unknown." (Case No. 3:05CR783). The government moved to dismiss that indictment as to the petitioner.

Thereafter the government obtained a new indictment charging the petitioner alone with participating in a drug conspiracy with a different starting date, namely, "[b]eginning in or about the early 1990's, and continuing through the date of this Indictment."

The defendant proceeded to trial. In opening statement, his attorney told the jury that the defendant had not participated in a conspiracy. Doing so, the attorney (and defendant) expressly challenged the government to prove its principal contention:

> This is not a case about selling drugs. The United States of America chose to charge Mr. Baker with the drug conspiracy. . . . The government has charged Mr. Baker with a conspiracy, not selling drugs, but conspiring with others to sell drugs.
>
> * * * * *
>
> And keep in mind throughout this, this is a conspiracy case. Is the evidence that's going into these three cups sufficient to show to you that this was a criminal partnership? Mere transactions that may or may not be proven to you or mere transactions that you believe did or did not occur or the different amounts that may or may not have transacted between individuals is not what's significant in this case. What's significant in this case is do you find that there was a criminal partnership a the instructions and the government indicated to you? Was there an agreement to conspire? Was there an agreement to combine? Was there a confederacy? Was there an agreement?
>
> * * * * *
>
> If you find that there wasn't a criminal partnership, that there wasn't an anagreement for all of these individuals to work in concert with each other, the government hasn't proven to you what it has charged Mr. Baker with, and that is a conspiracy.
>
> * * * * *
>
> I submit to you at the end of this case, based upon the character and the nature of the evidence that you will hear, you will find that the government has failed to prove it.

Trial Transcript, Vol. 2 at 135-38.

The defendant also challenged the government's computation of the drug quantity for which he was responsible.

2

The jury convicted the defendant on the conspiracy charge. It agreed, however, that the government had overstated the drug quantity for which the defendant was responsible.

At sentencing, the government asserted, and I found, that the defendant was a career offender on the basis of two prior drug convictions.

The predicate convictions (also for drug trafficking) resulted from: 1) an arrest on November 8, 1989 and conviction on October 20, 1990 for aggravating trafficking in Hancock County, Ohio; and 2) an arrest on January 8, 1990 and conviction on October 31, 1990 for aggravating trafficking in Seneca County, Ohio.

Had the government proceeded with its original indictment, charging a conspiracy that began in 1987, these convictions would have been part of the charged offense. Thus, the government could not have used them as predicate offenses for a career offender enhancement.

Though these convictions were outside the time frame of the conspiracy alleged in the indictment on which the defendant proceeded to trial, and in which he was the sole defendant, the defendant claims they were part of his offense and thus improperly used to push him into the career offender status.

With regard to the issue of acceptance of responsibility, the defendant argued, *inter alia*, that he was entitled to that reduction because he had stood trial due to disputing the drug quantity. He also pointed to his conduct while on pretrial release as showing he accepted responsibility. I agreed, noting that he had led an exemplary life during the prolonged period of pretrial release, and stated that that manifested acceptance of responsibility.

The presentence report recommended the two-level reduction for acceptance of resonsibility.

I concluded that the defendant was not entitled to the two-level acceptance reduction. Though he had successfully challenged the government's drug quantity calculation, he had not prevailed on his contention that the government could not prove he participated in a drug conspiracy.

I indicated, though, that I found his contention "a novel approach," and stated, "I would recommend that you appeal on that issue."

The defendant's Guideline range was 292 to 365 months. I imposed a 144 month term. This was twenty-four months above the statutory minimum, but well below the minimum Guideline sentence.

Defendant argues that, because the government was improperly limiting the period of defendant's involvement in the charged conspiracy, he was entitled to a statute of limitations charge. His trial attorney had not, however, requested such a charge.

Appellate counsel did not challenge the career defendant's offender status or denial of the two-level acceptance reduction.

Instead, defendant's direct appeal claimed:

- I had committed plain error by failing to instruct the jury about the five-year statute of limitations for conspiracy. He contended that because the government had presented evidence of drug transactions before and after 2002, the jury could have found him guilty based entirely on conduct occurring before 2002, outside the limitations period. He further contended that the jury should have been given an instruction concerning acts predating 2002; and

- His sentence was both procedurally and substantively unreasonable because the I did not recognize my authority to vary from the Sentencing Guidelines pursuant to *U.S. v. Booker*, 543 U.S. 220 (2005), because, according to the defendant, I felt constrained from varying from the career criminal guideline.

The Sixth Circuit affirmed. *U.S. v. Baker*, 380 Fed. App'x. 465 (6th Cir. 2010) (unpublished).

**Discussion**

4

To prevail in this case, the defendant must establish an error of constitutional magnitude having a substantial and injurious effect or influence on the proceedings. *E.g., Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Defendant must show his attorney's performance was constitutionally deficient and resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Davis v. U.S.*, 948 F.2d 1288, 1991 WL 253555, *2 (6th Cir.) (unpublished). Determination of which issues to raise on appeal is left to the sound professional judgment of counsel. *U.S. v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

A defendant claiming ineffective assistance of counsel can show prejudice "only if [counsel's] performance below professional standards caused the defendant to lose what he otherwise would probably have won." *U.S. v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).[1]

The Sixth Circuit has denominated factors a trial court is to consider when evaluating Sixth Amendment claims based on appellate counsel's failure to raise certain arguments:

(1) Were the omitted issues "significant and obvious"?
(2) Was there arguably contrary authority on the omitted issues?
(3) Were the omitted issues clearly stronger than those presented?
(4) Were the omitted issues objected to at trial?
(5) Were the trial court's rulings subject to deference on appeal?
(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
(7) What was appellate counsel's level of experience and expertise?
(8) Did the petitioner and appellate counsel meet and go over possible issues?
(9) Is there evidence that counsel reviewed all the facts?
(10) Were the omitted issues dealt with in other assignments of error?

---

[1] Because, as discussed *infra*, there is no merit to defendant's contention that his attorney's selection of issues on appeal was at all deficient, it is not necessary to, and I do not reach the issue of prejudice.

5

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle,* 171 F.3d 408, 427-28 (6th Cir. 1999).

In this case, the defendant has not shown that his appellate attorney's tactical decision to forego the arguments defendant now claims counsel should have made was below constitutionally acceptable professional norms.

### 1. Predicate Offenses as Part of Conspiracy

The defendant claims that the government believed that the conspiracy began in 1987, prior to the Hancock County and Seneca County convictions that became predicate convictions for his career offender status. He points to the original indictment and references (one of which the government acknowledges was improper)[2] to drug-related events predating the 1990 commencement date in the indictment.

Those references did not expand the period of the charged conspiracy. There is no basis for concluding that the jury took them into account when it found the defendant guilty beyond a reasonable doubt as charged. That the jury rejected the government's contentions as to drug quantity shows indisputably that it was discreet and discerning in reaching its verdict.

Most importantly, and contrary to the defendant's contention, the predicate offenses were separate. They involved different acts, dates, locales, law enforcement agencies, arrests and

---

[2] The government's passing reference, which it now admits it should not have made, did not evoke an objection on the part of defense counsel. In any event, the jury is presumed to follow the instruction, which I repeated during trial, that statements and arguments of counsel are not evidence. There was nothing so "significant or obvious" about the government's mistake that affected the adequacy of counsel's representation on appeal.

prosecuting agencies, prosecutions and sentences. They were not "related" under the Guidelines. U.S.S.G. § 4A1.2(a)(2), Application Note 3; *U.S. v. Gale*, 468 F.3d 929, 935-36 (6th Cir. 2006).

These crimes and cases pre-dated the period of the conspiracy alleged in the indictment on which defendant stood trial. They were simply not part of the conspiracy *as charged and proved*.

There was no error as to the treatment of the predicate offenses or period of the conspiracy. There was nothing in either regard about which appellate counsel sensibly or plausibly could or should have complained. Thus, his failure to raise this contention did not manifest any defect in his representation on appeal.

## 2. Denial of Acceptance of Responsibility

Defendant also claims his appellate counsel should have appealed the decision not to award a two-level reduction for acceptance of responsibility. Had appellate counsel challenged this decision on appeal, the appellate court would have used a clear error standard of review. *U.S. v. Wolfe*, 71 F.3d 611, 615–16 (6th Cir.1995).

Application Notes 1 and 2 to Guideline § 3E1.1 describe the circumstances in which a defendant normally qualifies for a two-level decrease in his base offense level. According to Application Note 1, "the defendant [must] clearly demonstrates acceptance of responsibility for his offense." Among the considerations in making this determination are the defendant's "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable. . . ." U.S.S.G. § 3E1.1, comment (n. 1).

Application Note 2 provides:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is

7

convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g. to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment (n. 2).

The presentence report recommended a two-level reduction for acceptance of responsibility. In making this recommendation, the probation officer gave credence to the defendant's contention that he went to trial – not to deny his guilt of the charged drug conspiracy – but because he disputed the government's computation of the drug quantities for which he was responsible. (Revised PSR ¶¶ 22-23, 33).[3]

At sentencing, the government successfully argued the defendant had gone to trial, and put the government to its proof, on more than simply the amount of drugs for which he was responsible. The defendant did not say to the jury, "I was a drug dealer. But the government has it wrong about how big a dealer I was."

To be sure, when the jury determined the drug quantity, it disagreed with the government's computation. But of greater importance, it agreed with the government that the defendant had, indeed, participated over a long period of time in a sizable drug conspiracy.

---

[3] What the judge concludes, not what the probation officer recommends, is, of course, what matters.

8

Had the defendant's position in fact been that, though guilty of dealing drugs with and for others, the amount for which he was responsible was limited, he could have plead guilty and been heard on the conflict between the government's and his contentions at sentencing.

During sentencing, as the defendant notes, I viewed his contention following his relative success as to drug quantity as "novel" and urged he appeal my finding.

The fact that appellate counsel chose not to use my offhand, uninformed remark as a springboard for an appeal does not equate with constitutionally inadequate representation. No matter what I say or when I say it, the judgment as to potentially meritorious issues is solely for appellate counsel to make. As the Supreme Court expressly stated in *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983):

> Neither *Anders*[*v. California*, 386 U.S. 738 (1967)] nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.
>   This Court, in holding that a State must provide counsel for an indigent appellant on his first appeal as of right, recognized the superior ability of trained counsel in the "examination into the record, research of the law, and marshalling of arguments on [the appellant's] behalf," *Douglas v. California*, 372 U.S. [353, 358 [1963]. . . .
>    Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.

In several instances defendants have appealed the denial of acceptance credit on the basis that they stood trial for some meritorious purpose. Our Circuit has consistently rejected those appeals where the defendants chose also to put the government to its proof on the merits. *U.S. v. Theunick*, --- F.3d ----, 2011 WL 2566883, *6 (6th Cir., 2011) (despite defendant's claim of standing trial to preserve constitutional question, record showed he put government to proof on merits of its charge; denial of acceptance reduction upheld); *U.S. v. Williams*, 940 F.2d 176, 182 (6 Cir. 1991)

9

("where, as here, the defense consists of a denial of criminal conduct, the reduction is not appropriate."); *U.S. v. Olds*, 309 Fed.Appx. 967, 2009 WL 279088 (6th Cir. 2009) (unpublished disposition) (defendant who denied essential factual elements of guilt and put government to its proof not entitled to acceptance reduction); *U.S. v. Edwards*, 85 F.3d 629, 1996 WL 224068, *4 (6th Cir. 1996) (unpublished disposition) (though defendant claimed acceptance of his actual drug sales, his challenge to conspiracy charge was a challenge to "'factual guilt,'" depriving him of a reduction for acceptance of responsibility); *U.S. v. Young*, 208 F.3d 216, 2000 WL 222590, *3 (6th Cir. 2000) (unpublished disposition) (though defendant claimed to desire to assert challenge to constitutionality of statute on which charge based, his proceeding to trial on issue of intent justified denial of acceptance).

Defendant elected to put the government to its proof on its conspiracy charge. He could have opted to plead and then raise the drug quantity issue at sentencing – as is commonplace. *See U.S. v. Maliszewski*, 161 F.3d 992, 1022-24 (6th Cir. 1998) (defendant who declined plea agreement due to dispute re. drug quantity not entitled post-trial to acceptance reduction; "it's almost universal[ ] that the determination of drug quantity is left for argument at sentencing.").

As the foregoing cases make clear, including a challenge to the denial of acceptance credit would have been futile. No reasonable attorney would have raised that challenge on appeal. Doing so would simply have detracted the court's attention from the issues counsel chose to raise.

### Conclusion

Neither as to the handling of the predicate offenses/career criminal determination nor denial of acceptance of responsibility was the decision not to challenge the outcome improper. To apply the pertinent *Mapes, supra,* 171 F.3d at 427-28, factors, I find:

- The omitted issues were neither "significant" nor "obvious;" indeed, they lacked any plausible merit in light of prevailing and controlling law;

- There was no "arguably contrary authority on the omitted issues";

- The omitted issues were clearly weaker, not "stronger than those presented";

- My "rulings are subject to deference on appeal"; and even if they were not, the defendant has not shown plausible grounds for error, even if review on appeal were *de novo*;

- The decision to omit these issues on appeal was entirely reasonable, rather than "an unreasonable one which only an incompetent attorney would adopt."

The tactical choices which defendant's attorney made on appeal were entirely appropriate. There is no merit to his challenge to the adequacy of his appellate counsel's representation.

It is, therefore,

ORDERED THAT the defendant's petition under 28 U.S.C. § 2255 be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So ordered.

/s/ James G. Carr
Sr. United States District Judge